IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ALCIDES ARIAS-BENITEZ, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-06-CV-0302 |
| | § | |
| DEPT. OF HOMELAND SECURITY, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM AND OPINION**

Alcides Arias-Benitez, who is scheduled to be deported on February 3, 2006, has filed a petition for habeas corpus pursuant to 28 U.S.C. § 1441. After reviewing the petition and exhibits, the applicable law, and hearing argument from the parties, this court transfers this case to the United States Court of Appeals for the Fifth Circuit pursuant to the Real ID Act, Pub. L. No. 109-13, 119 Stat 231 (May 11, 2005), and the Fifth Circuit's Administrative Order filed July 8, 2005. A separate transfer order will be filed with this opinion.

Arias-Benitez is a native and citizen of El Salvador. He was admitted into the United States as a lawful permanent resident on or about October 10, 1980. On March 6, 1992, Arias-Benitez was convicted of DWI and sentenced to ninety days' imprisonment. On May 22, 1995, he was again convicted of DWI and sentenced to two years' imprisonment. After these convictions, Arias-Benitez was placed in a removal proceeding. He attended the first hearing, but did not attend the second allegedly because he needed to return to El Salvador

to attend to his ill mother. The Immigration Court ordered Arias-Benitez deported in abstentia.

On December 8, 2005, and December 20, 2005, Arias-Benitez filed a Motion to Reopen and an Emergency Motion for Stay of Deportation with the Board of Immigration Appeals. The BIA denied both motions on January 20, 2006. Arias-Benitez then filed a petition for review with the United States Court of Appeals for the Fifth Circuit and a petition for habeas corpus and a motion for a temporary restraining order in this court.

The REAL ID Act, Pub. L. No. 109-13, 119 Stat 231 (May 11, 2005), deprives this court of jurisdiction to hear Arias-Benitez's claims. The REAL ID Act amended the judicial review provision of 8 U.S.C. § 1252 to eliminate federal habeas jurisdiction over a petition for review:

> Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this chapter, except as provided in subsection (e) of this section. For purposes of this chapter, in every provision that limits or eliminates judicial review or jurisdiction to review, the terms "judicial review" and "jurisdiction to review" include habeas corpus review pursuant to section 2241 of Title 28, or any other habeas corpus provision, sections 1361 and 1651 of such title, and review pursuant to any other provision of law (statutory or nonstatutory).

8 U.S.C. § 1252(a)(5) (Supp. 2005). This provision applies "to cases in which the final administrative order of removal, deportation, or exclusion was issued before, on, or after the date of enactment." Pub. L. No. 109-13, 119 Stat. 231, 311, § 106(b); *see also Jama v.*

*Gonzales*, 431 F.3d 230, 232 (5th Cir. 2005); *Rosales v. Bureau of Immigration and Customs Enforcement*, 426 F.3d 733, 736 (5th Cir. 2005).

Because Arias-Benitez's final order of removal was filed on January 20, 2006, the REAL ID Act applies to his petition for habeas corpus, and this court lacks jurisdiction to hear his claims. This case will be transferred by separate order to the United States Court of Appeals for the Fifth Circuit in accordance with that court's Administrative Order of July 8, 2005.

SIGNED on January 31, 2006, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge